# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE
## CHATTANOOGA DIVISION

| | |
|---|---|
| SARAH REED,<br>    Plaintiff, | )<br>)<br>) |
| vs. | )    Case No. 1:12-CV-344<br>)    JURY DEMAND |
| U. S. BANCORP,<br>    Defendant. | )<br>)<br>) |

FILED
Collin Carta
OCT 22 2012
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

## COMPLAINT

### Jurisdiction and Venue.

1. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331, 1367 & 1343(a)(4) and 42 U.S.C. § 2000e-5(f). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Plaintiff also invokes this Court's pendant and supplemental jurisdiction and brings these claims under the Tennessee Human Rights Act ("THRA"), T.C.A. §§ 4-21-101 et seq.

2. The unlawful employment practices alleged in this Complaint were committed in Franklin County, in the Eastern District of Tennessee.

### Parties.

3. Plaintiff Sarah Reed is a black female citizen of the United States of America and a resident of Winchester, Franklin County, Tennessee.

4. Defendant U. S. Bancorp ("Bancorp") is a for-profit corporation organized and existing under the laws of the State of Delaware, is qualified to do business in the State of Tennessee, and does business at 1910 Decherd Boulevard in Decherd, Franklin County, Tennessee.

5. Bancorp is an "employer" within the meaning of § 701(b) of Title VII in that it engages in an industry affecting commerce and has employed more than the requisite number of persons for the requisite duration under Title VII.

### Administrative Procedures.

6. Plaintiff timely filed a charge of discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC") on or about July 26, 2011.

7. On or about July 25, 2012, Plaintiff received from the EEOC a "Notice of Right to Sue" entitling her to commence this action against Defendant within ninety (90) days of her receiving that notice.

8. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action. Neither the State of Tennessee nor Franklin County nor the City of Deckerd has a law prohibiting the unlawful employment practices alleged in this Complaint under which Plaintiff was obliged to make a complaint or charge other than the charge she has made.

### Factual Allegations.

9. Defendant operates a banking business with places of business throughout Tennessee, including formerly a branch at Nissan in Decherd, Franklin County, Tennessee, and currently and at all times material to the allegations contained herein, a branch in Decherd, Franklin County, Tennessee.

10. Plaintiff, a black female, was hired by Defendant in or around January 5, 2004. Plaintiff trained at the Decherd branch, then began working at the Nissan branch in or around February, 2005. Plaintiff's position at the Nissan branch was "Universal Banker."

11. Defendant also had positions called "Teller," which demanded less qualifications than the Universal Banker position.

12. Plaintiff worked as a Universal Banker at the Nissan branch until in or around August, 2009, at which time Defendant closed the Nissan branch. Defendant transferred Plaintiff and one other employee named Cathy Hassebrock to the Decherd branch.

13. Hassebrock's position with Defendant was Teller, which was a position with lower qualifications than Plaintiff's position. Hassebrock was a white female.

14. At the time of the transfer, Defendant put Plaintiff in a Teller position along with Hassebrock. Plaintiff requested to be put in a Universal Banker position, but was refused.

15. There were two Teller positions available at the Decherd branch. One was at the drive through and one was inside. The inside position was the more favorable position.

16. Part of Plaintiff's and other employee's including Hassebrock's job requirements was to obtain a certain number of "referrals" on a periodic basis. It was easier to get the required number of "referrals" at the inside Teller job than at the drive-through Teller job.

17. Plaintiff was treated differently than her similarly situated white co-employees at the Bank. Plaintiff was the only black employee at that branch. The terms and conditions of Plaintiff's employment were less desirable than the terms and conditions of employment of the white females' positions, including Hassebrock.

18. At the time of Plaintiff's transfer to the Decherd branch, Plaintiff was more qualified to work inside the bank than Hasseford was.

19. As a result of being made to work the drive through rather than the inside position, it was impossible for Plaintiff to meet the referral requirement. Plaintiff was denied the opportunity to rotate with the white females into and out of positions inside the bank to give Plaintiff an opportunity to meet the referral requirement.

20. On or about July 7, 2011, Defendant discharged Plaintiff from her employment.

21. Defendant's purported reason for discharging Plaintiff was for Plaintiff's "unsatisfactory performance."

22. However, the unsatisfactory performance reason was a pretext. The real reason for Plaintiff's discharge was that Plaintiff was a black and the Bank did not want a black employee at the Decherd branch.

23. Upon information and belief, Defendant replaced Plaintiff with a white female employee.

### First Count.

24. Plaintiff believes, and thus avers, that the effect of the Defendants' unlawful employment practice has been to discriminate and retaliate against her in ways which jeopardize and tend to deprive her of employment opportunities and otherwise adversely affect her status as an employee because of her race in violation of Title VII; and Plaintiff, a victim of such practices because of her race, is now and will continue to be unlawfully deprived of income in the form of wages and of prospective retirement benefits, seniority, Social Security benefits, insurance coverage and other monetary and non-monetary benefits due to her in sums to be proved at trial, and has suffered shame, humiliation, embarrassment, and mental anguish as a proximate result of the conduct of Defendant.

25. Plaintiff has no plain, adequate or complete remedy at law to correct the Defendants' unlawful employment practices, and the injunctive and other equitable relief she seeks is her only means of securing full relief from these practices. Plaintiff is now suffering and will continue to suffer irreparable injury from these unlawful employment practices.

26. Plaintiff believes, and thus avers, that the Defendant engaged in discriminatory and retaliatory practices intentionally or with malice, or with reckless indifference to the Plaintiff's federally protected rights.

## Second Count.

27. Plaintiff realleges the foregoing and incorporates the same by this reference as though fully set forth herein.

28. Defendants have violated Plaintiff's rights under the THRA.

**WHEREFORE**, Plaintiff prays that this Court:

(i) declare that the employment practices complained of in this Complaint are unlawful in that they violate Title VII and/or the THRA;

(ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII and/or the THRA;

(iii) order the Defendant to make the Plaintiff whole by compensating her with full back pay, front pay, and reimbursement for all loss of pension, retirement, Social Security, insurance and other monetary and non-monetary benefits, and compensatory and punitive damages, all in amounts to be proved at trial;

(iv) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance;

(v) order the Defendant to pay Plaintiff's costs and expenses and reasonable attorney's fees as provided in Title VII, and/or the THRA, in connection with this action; and

(vi) grant such other and further or different relief to the Plaintiff as the Court deems just and proper.

/s/ Jerry E. Farmer
Jerry E. Farmer, BPR# 017180
Attorney for Plaintiff
1535 W. Northfield Blvd. #8
Murfreesboro, Tennessee 37129
(615) 893-4020

Plaintiff demands a trial by jury of all issues triable of right by a jury.

/s/ Jerry E. Farmer
Jerry E. Farmer