UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SARAH REED, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:12-CV-344 |
| v. | ) |
| | ) Judge Curtis L. Collier |
| U.S. BANCORP and U.S. BANK | ) |
| NATIONAL ASSOCIATION | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM**

Before the Court is Defendant U.S. Bancorp's ("Defendant") objection (Court File No. 21) to the Magistrate Judge's order (Court File No. 20) granting Plaintiff Sarah Reed's ("Plaintiff") motion to file a second amended complaint (Court File No. 14). Also pending before the Court is Defendant's motion to dismiss Plaintiff's first amended complaint (Court File No. 11). Both of Defendant's filings relate to the sole issue the Court must decide: May Plaintiff amend her complaint to name the proper defendant such that it will relate back to the filing date of her original complaint under Fed. R. Civ. P. 15(c)? For the reasons discussed below, the Court concludes that Plaintiff may. Accordingly, the Court will **DENY** Defendant's objection (Court File No 21). Plaintiff's motion to amend her complaint is therefore **GRANTED** (Court File No. 14). Defendant's motion to dismiss will be **DENIED** (Court File No. 11).

## I. PROCEDURAL HISTORY

Plaintiff filed her complaint on October 22, 2012, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. §§ 4-21-101 *et seq.* Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") in July 2011, and received her right-to-sue letter on July 15, 2012. Although

the EEOC charge listed U.S. Bank National Association ("U.S. Bank") as her employer, Plaintiff named U.S. Bancorp as Defendant in her initial complaint. When Defendant answered Plaintiff's complaint, it argued the complaint should be dismissed because the EEOC charge listed U.S. Bank not U.S. Bancorp, and Plaintiff therefore failed to exhaust her administrative remedies against U.S. Bancorp. Defendant also noted, regardless of the administrative exhaustion issue, U.S. Bancorp was never Plaintiff's employer and thus not a proper defendant.

After Defendant filed its answer, Plaintiff amended her complaint (Court File No. 9). In her amended complaint, Plaintiff listed both U.S. Bancorp and U.S. Bank as defendants. Plaintiff noted U.S. Bank was a subsidiary of U.S. Bancorp and referred to the defendants collectively as "the Company," mirroring U.S. Bancorp's language in its annual report. Defendant then filed a motion to dismiss arguing, *inter alia*, Plaintiff's claims against U.S. Bank were barred by the statute of limitations. Although Rule 15(c) provides amended complaints will relate back to the original complaint for statute of limitations purposes under certain circumstances, Rule 15 is inapplicable where a plaintiff attempts to *add* a defendant.[1] Because Plaintiff's amended complaint added U.S. Bank, rather than replacing U.S. Bancorp as defendant, her first amended complaint did not receive the benefit of relation back under Rule 15. Plaintiff's first amended complaint, filed November 29, 2012, was well in excess of the ninety-day filing window that follows receipt of an EEOC right-to-sue letter. Accordingly, Defendant concludes Plaintiff's claims against both U.S. Bancorp and U.S. Bank should be dismissed with prejudice.

---

[1] The motion to dismiss also argues Plaintiff's THRA claims should be dismissed as time barred and U.S. Bancorp should be dismissed as a party. Because the Court grants Plaintiff leave to amend her complaint, which omits both the THRA claims and U.S. Bancorp, these issues are now moot.

2

Plaintiff then filed a motion to amend her complaint a second time. The proposed second amended complaint names only U.S. Bank as defendant and asserts only Title VII claims. Plaintiff discusses the difficulty in determining which organization was the proper defendant, and argues she meets the requirements for relation back under Rule 15(c). The Magistrate Judge held a telephone conference with counsel for both parties, during which he entertained argument on the motion to amend. After hearing argument, the Magistrate Judge ruled in favor of Plaintiff, concluding she met the requirements of Rule 15(c) and was entitled to file a second amended complaint. The Magistrate Judge also informed Defendant of its right to object to his order under Rule 72. Defendant then timely filed the instant objection.

## II. DISCUSSION

Rule 15(c) provides that a plaintiff may amend her complaint to change the party or the naming of the party against whom a claim is asserted and that amendment will relate back to the date of the original pleading if: (1) the claim asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, (2) the added party received notice of the suit in the 120 days following the filing of the original complaint, (3) the notice was such that the added party will not be prejudiced in maintaining a defense on the merits, and (4) the added party knew or should have known that but for a mistake of the identity of the proper party, the action would have been brought against her. Fed. R. Civ. P. 15(c); *Moore v. City of Harriman*, 272 F.3d 769, 774 (6th Cir. 2001).

The Supreme Court's recent decision in *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2010) clarifies the purposes of Rule 15(c). In *Krupski*, the plaintiff was injured while on board a cruise ship. When she arrived in the United States, she sought legal counsel and provided her

3

attorney her passenger ticket. The ticket, which constituted the contract between the parties, listed Costa Crociere S. p. A. as the operator of the ship. The ticket contained requirements for asserting a suit against Costa Crociere. However, the ticket also listed Costa Cruise Lines N.V. on the ticket as the sales and marketing agent for Costa Crociere and provided its address. After pre-litigation settlement negotiations proved unsuccessful, Plaintiff filed suit against Costa Cruise, rather than Costa Crociere. Following expiration of the limitations period, Costa Cruise informed Plaintiff it was not the proper defendant. Costa Cruise moved for summary judgment on this ground. Plaintiff then sought leave to amend her complaint, explaining her confusion was a result of the prominent display of Costa Cruise on the travel documents, the fact Costa Cruise's website listed Costa Cruise as the U.S. office for Costa Crociere, and the Florida Department of State's website listing Costa cruise as the only "Costa" company registered to do business in the state. The district court concluded the amendment did not relate back under Rule 15(c) because the word "mistake" should not extend to deliberate decisions made by a plaintiff in deciding whom to sue. The Eleventh Circuit affirmed, concluding the plaintiff knew or should have known Costa Crociere was the correct party based on the information on the ticket.

The Court reversed. Contrary to the analyses of both the district court and the Eleventh Circuit, "[t]he question under Rule 15(c)(1)(C)(ii) is not whether [the plaintiff] knew or should have known the identity of Costa Crociere as the proper defendant, but whether Costa Crociere knew or should have known that it would have been named as a defendant but for an error." *Id.* at 2493. The information a plaintiff possesses is only relevant "if it bears on the defendant's understanding of whether the plaintiff made a mistake regarding the proper party's identity." *Id.* at 2493-94. The Court clarified as follows:

4

> That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Id.* at 2494. Although a conscious decision to sue one entity over the other "while fully understanding the factual and legal differences between the two parties" would not be a mistake under Rule 15(c), "[t]he reasonableness of a mistake is not itself at issue." *Id.* Rather, a "deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied."

The Court went on to note the purpose of the relation back doctrine is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Id.* Although repose is an important interest for defendants who believe the limitations period has passed, "repose would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.* Because the facts in *Krupski* established a mistake on the part of the plaintiff in deciding which entity to sue, the Court concluded the amendment satisfied Rule 15(c).

Defendant makes two arguments against application of the relation-back doctrine. First, Defendant argues Sixth Circuit precedent establishes that the addition of a party creates a new cause of action and therefore does not relate back to the date of the original filing. Because Plaintiff added

5

U.S. Bank in its first amended complaint, rather than replacing U.S. Bancorp, that action precluded any later amended complaint from relating back to Plaintiff's original complaint. Second, Defendant argues Plaintiff was aware of the distinction between U.S. Bancorp and U.S. Bank, and her failure to properly list U.S. Bank cannot be considered a "mistake" as required by Rule 15(c).

### A. Addition of Party

Defendant is correct that "the precedent of [the Sixth C]ircuit clearly holds that 'an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations.'" *In re Kent Holland Die Casting & Plating Inc.*, 928 F.2d 1448, 1449 (6th Cir. 1991) (quoting *Marlowe v. Fisher Body*, 489 F.2d 1057, 1064 (6th Cir.1973)). Such an amendment "establishes a new and independent cause of action which cannot be maintained when the statute has run, for the amendment is one of substance rather than one of form and brings into being one not presently in court." *United States* ex rel. *Statham Instruments, Inc. v. Western Cas. & Surety Co.*, 359 F.2d 521, 523 (6th Cir. 1966). Such a case exists where, for example, a plaintiff attempts to add entities uncovered during discovery that would qualify as defendants in the case. *Venezia v. 12th & Div. Props., LLC*, No. 3:09–cv–430, 2010 WL 3122787, at *3 (M.D. Tenn. Aug. 6, 2010). Use of Rule 15(c) in that instance is prohibited, because it creates a new cause of action against a new party outside of the limitations period.

The cases cited by Defendant involve situations of this type, where a plaintiff seeks to add defendants for substantive reasons, such as asserting new claims against them or seeking compensation from them. *See In re Kent*, 928 F.2d at 1449 (denying relation back where the trustee in bankruptcy sought to add an insurance company as a defendant because it received most of the premiums being sought by the trustee); *Smart v. Ellis Trucking Co., Inc.*, 580 F.2d 215 (6th Cir.

6

1978) (denying relation back where the plaintiff sought to add a union as a defendant in a suit against his employer); *Western Cas. & Sur. Co.*, 359 F.2d at 523 (concluding the case was not a misnomer or misidentification case); *DeBois v. Pickoff*, No. 3:09cv230, 2011 WL 1233665 (S.D. Ohio Mar. 28, 2011) (denying relation back where the plaintiff sought to add three new defendants because she learned of their involvement in the conduct underlying the complaint after the limitations period); *Venezia*, 2010 WL 3122787, at *3 (denying relation back where the plaintiffs sought "to add new parties who, they claim, are jointly liable with the existing defendants"); *In re U.S. Ins. Group, LLC*, 441 B.R. 294 (Bankr. E.D. Tenn. Sept. 9, 2010) (denying relation back where the trustee sought to add two defendants who obtained authority over the debtor's funds); *see also Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) (denying relation back where the plaintiff attempted to replace "unnamed police officers" in his complaint with individuals).

Here, however, it is clear Plaintiff was attempting to sue the correct party, not to add a new party against whom she could assert new claims. Plantiff's counsel submitted an affidavit stating he was unable to find documentation authorizing U.S. Bank to do business in Tennessee, and information on U.S. Bancorp's website led him to believe it was the proper defendant. Moreover, U.S. Bancorp's annual report refers generally to itself and its subsidiaries as a single entity. Based on this information, Plaintiff's counsel mistakenly sued the wrong party. This account is corroborated by Plaintiff's amended complaint, which refers generally to both U.S. Bank and U.S. Bancorp as "the Company" in an effort to assert her discrimination claims against her employer. Now Plaintiff seeks to amend her complaint again to assert her claim against the single, correct defendant. Such is a proper use for Rule 15(c) and is not significantly distinct from the situation in *Krupski*.

Defendant's theory relies on the first amended complaint's *addition* of U.S. Bank rather than *substitution* for U.S. Bancorp. However, the Court sees no reason Plaintiff's new complaint does not rectify this problem. It is clear Plaintiff is not attempting to add U.S. Bank to assert a new claim or to seek a second defendant by whom she could be compensated. To the contrary, Plaintiff is attempting now to substitute U.S. Bancorp with U.S. Bank. Defendant's theory conflicts with "the purpose of relation back: to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski*, 130 S. Ct. at 2494.

Indeed, contrary to Defendant's theory, Sixth Circuit precedent supports such a holding. In *Ringrose v. Engelberg Huller Co., Inc.*, 692 F.2d 403 (6th Cir. 1982), the plaintiff appealed the dismissal of her complaint under Rule 15(c). Plaintiff alleged she injured her hand while operating a belt grinder. Within the limitations period, she filed suit against the manufacturer, who was out of business. She then amended her complaint against the manufacturer's successor corporations outside of the limitations period. Noting its precedent prevents a plaintiff from adding parties, the Sixth Circuit remanded back to the district court to determine whether the successor corporations were put on notice of the litigation within the limitations period. Thus the Sixth Circuit concluded the case, although it involved additional parties, was more typical of a misnomer case and subject to relation back under Rule 15(c). *See In re Kent*, 928 F.2d at 1450 ("The court [in *Ringrose*] apparently considered this case to be one of misnomer and remanded it for consideration of whether the successor corporations had timely notice of the suit."). *Ringrose* suggests the "added party" line of cases is not a technical limitation, but a substantive one. *See also Western Cas. & Sur. Co.*, 359 F.2d at 523 (noting relation back is inapplicable in added-party cases because the "amendment is

8

one of substance rather than one of form"). This accounts for the broad purpose of Rule 15 to resolve disputes on the merits, while also accounting for defendants' interest in the repose guaranteed by the statute of limitations.

Similarly, this court has also applied a substantive, rather than technical, application of the added-party line of cases. In *Azzolini v. Corts Trust II for Provident Fin. Trust I*, No. 1:03-CV-1003, 1:03-CV-1005, 2005 WL 2253971 (E.D. Tenn. Sept. 16, 2005),[2] the court considered a number of class action law suits related to securities of two trusts. One of the arguments offered by the defendants was that certain claims were filed after the applicable statute of limitations had run. Although the original complaints had been filed within the applicable time period, two defendants, Holdings and SPC, were added nearly a year later, outside the limitations period. Concluding the amended pleadings related back to the original date, this court noted the amendment involved correcting a misnomer or misidentification, rather than attempting to add a new party. Specifically, the Court concluded

> Here, the corporate relationships are complicated and the securities involved are not [r]un of the mill securities. Further, once the parties sat down face to face, the mistaken identity was discovered and the Plaintiffs dropped Citigroup and added Holdings and SPC []. Thus, the Plaintiffs made a "mistake" under § 15(c)(3)(B). In addition, the interrelationship between the entities and the fact that SPC and Holdings share the same counsel as the original Defendants put SPC and Holdings on notice that but for the mistaken identity of the proper party, they would have been sued. Thus, the amended complaint relates back to the original complaint under Rule 15(c) and the one year statute of limitations does not bar the Plaintiffs' claims against SPC or Holdings.

---

[2] The judgment in *Azzolini* was amended on reconsideration. *Azzolini v. Corts Trust II for Provident Fin. Trust I*, No. 103CV1003, 103CV1005, MDL103MD1552, 2005 WL 3448053 (E.D. Tenn. Dec. 14, 2005). None of the issues raised in the amended judgment is relevant to the Rule 15(c) issue. Although the court considered another statute of limitations argument, the offered argument did not relate to Rule 15.

9

*Id.* at *11. Thus, where misidentification is clearly at play, this court will find an amended complaint relates back to the original filing, even where a party is technically "added."

District courts facing situations similar to the issue here have reached the same conclusion the Court reaches today. In *State Farm Mut. Auto. Ins. Co. v. BMW of N. Am., LLC*, No. 08–12402, 2009 WL 2447574 (E.D. Mich. Aug. 7, 2009), the plaintiff sought to add a new defendant outside the limitations period. After a vehicle insured by the plaintiff burst into flames, it filed suit against BMW of North America. BMW informed the plaintiff it was not the manufacturer of the vehicle. The plaintiff then sought leave to amend its complaint to add BMW Manufacturing, the division of BMW that manufactured the steering column. In opposition, the defendant made the same argument Defendant makes here: Sixth Circuit precedent precludes plaintiffs from using Rule 15(c) to add new parties. However, the court concluded those cases were distinguishable. In the cases where the addition of a new party has been denied, the plaintiff attempted to assert new claims against the proposed defendant "separate and distinct" from the claims in the original complaint. In *State Farm*, on the other hand, the plaintiff wanted to replace BMW and BMW Manufacturing on certain claims it had raised in its original complaint. The court noted "State Farm advances no new claims, and no new theories of liability" and the amended complaint merely "rectifies State Farm's misidentification of Defendant as manufacturer and supplier." *Id.* at *3.

Here, the applicability of Rule 15(c) and the inapplicability of the Sixth Circuit's added-party precedent is clear. Plaintiff in this case is seeking leave to amend her complaint to completely remove U.S. Bancorp and assert her claims only against U.S. Bank. Defendant seeks dismissal on a theory that would require the Court to ignore the circumstances in the case and look merely at the caption of the original and first amended complaints. The Court's inquiry is not so confined.

10

Accordingly, Defendant's objection fails on this ground.

   **B. No Mistake**

Defendant offers another theory to preclude Plaintiff's proposed amended complaint. Defendant argues, because the underlying EEOC charge accurately listed U.S. Bank as Plaintiff's employer, Plaintiff knew of the existence of U.S. Bank and was aware it was her employer. Therefore, Defendant concludes, Plaintiff did not make a "mistake" when listing U.S. Bancorp as defendant and should not receive the benefit of Rule 15(c).

Rule 15(c) does, of course, require the plaintiff have made a mistake regarding the identity of the proper defendant. Fed. R. Civ. P. 15(c)(1)(C)(ii) (stating an amendment will relate back if it arises from the same conduct, transaction or occurrence of the original pleading, the new party received notice of the complaint, and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"). As the Supreme Court noted in *Krupski*, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 130 S. Ct. at 2494; *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000) ("Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against OCP.").

However, the Court is satisfied Plaintiff's decision to sue U.S. Bancorp was a mistake, rather than a conscious decision based on some unknown strategic advantage. Plaintiff's counsel explains the steps he took to determine what defendant to sue, and explains his confusion regarding U.S. Bancorp's annual report and website information, as well as his failure to find documentation

11

Case 1:12-cv-00344   Document 23   Filed 03/26/13   Page 11 of 12   PageID #: 238

Accordingly, Defendant's objection fails on this ground.

   **B. No Mistake**

Defendant offers another theory to preclude Plaintiff's proposed amended complaint. Defendant argues, because the underlying EEOC charge accurately listed U.S. Bank as Plaintiff's employer, Plaintiff knew of the existence of U.S. Bank and was aware it was her employer. Therefore, Defendant concludes, Plaintiff did not make a "mistake" when listing U.S. Bancorp as defendant and should not receive the benefit of Rule 15(c).

Rule 15(c) does, of course, require the plaintiff have made a mistake regarding the identity of the proper defendant. Fed. R. Civ. P. 15(c)(1)(C)(ii) (stating an amendment will relate back if it arises from the same conduct, transaction or occurrence of the original pleading, the new party received notice of the complaint, and "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity"). As the Supreme Court noted in *Krupski*, "making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity." *Krupski*, 130 S. Ct. at 2494; *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 n.1 (2000) ("Respondent Adams made no such mistake. It knew of Nelson's role and existence and, until it moved to amend its pleading, chose to assert its claim for costs and fees only against OCP.").

However, the Court is satisfied Plaintiff's decision to sue U.S. Bancorp was a mistake, rather than a conscious decision based on some unknown strategic advantage. Plaintiff's counsel explains the steps he took to determine what defendant to sue, and explains his confusion regarding U.S. Bancorp's annual report and website information, as well as his failure to find documentation

authorizing U.S. Bank to do business in Tennessee. The original complaint, moreover, asserted U.S. Bancorp was Plaintiff's employer and does business at 1910 Decherd Boulevard in Decherd, Franklin County, Tennessee. This is indicative of a mistake concerning the identity of the proper defendant. As discussed in *Krupski*, Plaintiff's counsel knew of the existence of both parties, but was mistaken regarding the *status* of the parties. *Krupski*, 130 S. Ct. at 2494 ("A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. . . . If the plaintiff sues party B instead of party A under these circumstances, she has made a 'mistake concerning the proper party's identity' notwithstanding her knowledge of the existence of both parties."). Whether the fact U.S. Bank was listed as Plaintiff's employer on her EEOC charge makes the mistake unreasonable is not a question in the Rule 15(c) analysis. *Id.* ("The reasonableness of the mistake is not itself at issue."). Such a mistake is still sufficient for relation back under Rule 15(c).

Accordingly, Defendant's objection fails on this ground as well.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendant's objection (Court File No. 21). Accordingly, Plaintiff's motion to amend is **GRANTED** (Court File No. 14). Defendant's motion to dismiss will be **DENIED** (Court File No. 11).

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**